**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**KEITH SILVERA,**

                      **Plaintiff,**

          **v.**

**JOHN BURGE, Superintendent,**
**Auburn Correctional Facility; SERGEANT**
**WITHERS, Auburn CF; SERGEANT**
**CHUTTY, Auburn CF; F. CALSCIBETTA,**
**Auburn CF; D. SPICER, Auburn CF; and C.**
**PIDLYPHAK, Auburn CF,**

                      **Defendants.**[1]

**Civil No. 9:02-CV-882**
**(GLS/GJD)**

---

**APPEARANCES:**    **OF COUNSEL:**

**FOR THE PLAINTIFF:**

KEITH SILVERA
Plaintiff, *Pro Se*
90-T-3701
Otisville Correctional Facility
P.O. Box 8
Otisville, NY 10963

**FOR THE DEFENDANTS:**

HON. ELIOT SPITZER    SENTA B. SIUDA
Attorney General, State of New York    Assistant Attorney General
 615 Erie Blvd. West, Suite 102
 Syracuse, NY 13204-2455

---

[1] The last names of three of the above defendants are correctly spelled Chuttey, Calescibetta, and Pidlypchak, respectively. *See Answer*, Dkt No. 14.

**Gary L. Sharpe**
**U.S. District Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff *pro se* Keith Silvera brings this action pursuant to 42 U.S.C. § 1983. Silvera alleges that his constitutional rights were violated when the defendants curtailed his right to freely practice his religion and retaliated against him for the exercise of his rights. Pending are objections to Magistrate Judge Gustave J. DiBianco's Report-Recommendation by Silvera and the defendants. Upon careful consideration of the parties' arguments, the relevant parts of the record, and the applicable law, the court adopts the Report-Recommendation in its entirety.

## II. Procedural History

Silvera commenced this action on July 5, 2002. *Dkt. No. 1*. On November 26, 2003, the defendants moved for summary judgment. *Dkt. No. 37*. On September 14, 2004, Judge DiBianco issued a Report-Recommendation which recommended denying in part and granting in part the defendants' motion. *Dkt No. 47*. Both sides objected. *Dkt. Nos.*

2

*48, 49*.

### III.  Discussion[2]

### A.  Standard of Review

The Court reviews the objected-to findings and recommendations in a magistrate judge's report-recommendation *de novo*, and will accept the report's uncontested parts unless they are "clearly erroneous."  *See* 28 U.S.C. § 636(b)(1)(A), (C); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c);  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *accord F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994).  It is well settled that on a motion for summary judgment, the court must construe the evidence in the light most favorable to the nonmoving party. *Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir. 1999)*.*  The moving

---

[2] The court defers to the factual summary in Judge DiBianco's Report-Recommendation, and assumes familiarity with the facts alleged in Silvera's complaint.  *Dkt. No. 1*; *Dkt. No. 47*.

party has the burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). "A 'genuine' dispute over a material fact only arises if the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *Dister v. Cont'l Group*, 859 F.2d 1108, 1114 (2d Cir. 1988) (citation omitted). Moreover, "[c]onclusory allegations, conjecture and speculation ... are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998). "While all reasonable ambiguities and inferences should be resolved against the moving party, those inferences must be supported by affirmative facts and must be based on relevant, admissible evidence." *Gen. Accident Ins. Co. of Am. v. Merritt-Meridian Constr. Corp.*, 975 F. Supp. 511, 515 (S.D.N.Y. 1997) (citing FED. R. CIV. P. 56(e)). "As to materiality, the substantive law will identify which facts are material." *Anderson*, 477 U.S. at 248.

**B. Summary of Report-Recommendation**

Judge DiBianco recommended dismissal of Silvera's religious discrimination, Eighth Amendment, denial of access to the courts, and due process claims. However, Judge DiBianco also recommended that

Silvera's First Amendment retaliation claim remain, and that defendants Burge and Withers remain in the action since it appeared that they were personally involved.

More specifically, Judge DiBianco found that defendant Burge's involvement was implicated because he had personally responded to letters regarding Silvera's alleged harassment by the corrections officers. The record showed that Burge was aware of Silvera's ongoing complaints. Judge DiBianco also found that Withers' involvement was implicated because Silvera alleged that the cell search and confiscation of legal materials was in retaliation for his complaints against one of Withers' fellow sergeants. Judge DiBianco further found that Silvera's retaliation claim should survive because the misbehavior reports were issued closely following Silvera's complaints and were subsequently reversed.[3]

C. **Objections**

   1. *Defendants' Objections*

      a. Personal Involvement

Defendants Burge and Withers object to the portion of the Report-

---

[3] Judge DiBianco also noted that while Silvera primarily based his retaliation claim on his right to file grievances, he should also be allowed to base this claim on the right to freely practice his religion.

Recommendation denying them summary judgment for lack of personal involvement.  Burge contends that responding to two letters regarding Silvera is insufficient to show the requisite level of personal involvement under *Sealey v. Giltner*, 116 F.3d 47 (2d Cir. 1997).  In *Sealey*, the Second Circuit held that personal involvement for a § 1983 claim was not demonstrated where a supervisory official referred one inmate letter to another official for decision and responded to a second inmate letter with a status update.  *Id.* at 51.  Here, however, Burge's involvement is implicated because the letters showed that he was aware of the complaints and personally signed the letters.  Accordingly, an issue of fact exists as to Burge's personal involvement and precludes summary judgment in his favor.

Withers argues that a prisoner has no cause of action for a search conducted in retaliation for exercising his constitutional rights.  Generally, random cell searches are constitutional.  *Hudson v. Palmer*, 468 U.S. 517, 525-27 (1984).  The Supreme Court, reasoning that random searches are indispensable to effective prison administration and security, held that prisoners do not have a "legitimate expectation of privacy" in their cells.  *Id.* at 528-30.  However, the Second Circuit has recognized that "an act in

6

retaliation for the exercise of a constitutional right is actionable under [§] 1983 even if the act, when taken for different reasons, would have been proper." *Franco v. Kelly*, 854 F.2d 584, 590 (2d Cir. 1988) (quotation marks and citation omitted).  In *Franco,* the plaintiff alleged that he received false disciplinary charges in retaliation for cooperating with a state investigation into alleged inmate abuse.  *Id.* at 585-86.  The Circuit noted that the "wide latitude" afforded prison officials "does not encompass conduct that infringes on an inmate's substantive constitutional rights," such as petitioning the government.  *Id.* at 590.  Consistent with *Franco*, the Circuit recently held that an allegation that a defendant ordered a cell search in retaliation for the plaintiff's filing of grievances was sufficient to infer a causal relationship between the two.  *See Davis v. Goord*, 320 F.3d 346, 354 (2d Cir. 2003).

Here, the record supports an inference that the cell search may have been done in retaliation for Silvera's filing of grievances.  Withers insists that prisoners can have no claim for a retaliatory cell search.  *See Allah v. Greiner*, 2004 WL 1713811, at *4 (S.D.N.Y. July 29, 2004).  The court in *Greiner* held that "prisoners have no right to be free from searches, even if those searches are conducted in retaliation for a prisoner's exercise of his

7

constitutional rights." *Id.* Although *Greiner* appears on point, the Second Circuit has yet to hold that a cell search done in retaliation for an inmate exercising his First Amendment right fails to state a claim. As in *Franco* and *Davis*, Silvera's cell search may have been done in retaliation for filing grievances, thereby implicating Withers' personal involvement and precluding summary judgment.

### b. Retaliation

The defendants also argue that (1) Silvera's claim of retaliation should be limited to the cell search and confiscation of his materials because it was the only retaliatory act he has alleged, and (2) Silvera cannot demonstrate retaliation for filing grievances because he was not actually deterred and has offered no causal connection between his verbal grievances and the alleged removal and destruction of materials.

The defendants' objections are without merit. Silvera's *pro se* complaint must be construed liberally. *Phillips v. Gordich*, 408 F.3d 124, 127-29 (2d Cir. 2005) (stating that while "*all* complaints must be read liberally," *pro se* litigants are held to even lower requirements). Read in this light, Silvera's complaint alleges that adverse actions were taken as a result of his filing grievances and practicing his religion.

8

It is true that to constitute an adverse action, the alleged retaliatory conduct must "deter [an inmate] of ordinary firmness from exercising his or her constitutional rights."  *Dawes v. Walker*, 239 F.3d 489, 493 (2d Cir. 2001).  Yet the fact that Silvera continued to file grievances after the alleged adverse actions does not necessarily bar his claim.  The Second Circuit has held that "[t]he fact that a particular plaintiff ... responded to retaliation with greater than 'ordinary firmness' [by commencing four additional lawsuits and filing at least thirty-five institutional grievances] does not deprive him of a cause of action."  *Gill v. Pidlypchak*, 389 F.3d 379, 384 (2d Cir. 2004).  In other words, a very persistent inmate may continue to exercise his constitutional rights where an ordinary inmate would be deterred.  Moreover, whether Silvera responded with more "firmness" than the ordinary inmate is a question of fact that precludes summary judgment.

Finally, the defendants argue that Silvera has not identified a causal connection between his filing of grievances and the alleged removal and destruction of his materials.  Although Silvera's complaint in this regard is not clear, he does argue that after he filed a grievance against Sergeant Chuttey, "defendant Spicer searched plaintiff's cell at the behest of

9

defendant Withers - a co-sergeant of defendant Chutty [sic]...". *Pl.'s Summ. J. Mem.* at 13, *Dkt. No. 45*. Although not a model of clarity, this contention is sufficient to show that a causal connection may exist, and summary judgment is inappropriate.

### 2. Plaintiff's Objections

Silvera objects to the portion of the Report-Recommendation granting summary judgment to the defendants on his claim of religious discrimination based on verbal harassment and restrictions on festivals. Since Silvera's allegations in this regard still appear to be more in the nature of a retaliation claim than religious discrimination, Judge DiBianco's recommendation is adopted.

Silvera also objects to the dismissal of his Eighth Amendment and denial of access to the courts claims, arguing that certain officers' actions in connection with both claims were unjustified. Judge DiBianco noted that Silvera had not alleged any actual injury in regard to his access to the courts, and Silvera has not done so in any meaningful way in his objections. In addition, verbal harassment and threats alone do not constitute cruel and unusual punishment. Therefore, Judge DiBianco's recommendation on these claims is also adopted.

Finally, even though Silvera seeks permission to amend his complaint to reassert his Eighth Amendment and access to the courts claims, he has made no effort to provide a set of facts that would warrant granting him leave to amend.

## IV.  Conclusion

After careful review of all the papers, and for the reasons stated, it is hereby

**ORDERED,** that the September 14, 2004 Report-Recommendation of Magistrate Judge DiBianco is **ACCEPTED** in its entirety; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order upon the parties.

**IT IS SO ORDERED.**


Dated:    August 23, 2005
          Albany, New York

*/s/ Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge